IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE: | CASE NO. 15-05847 (ESL) |
| ERIKA VALLE CARRASQUILLO | CHAPTER 13 |
| Debtor | FILED & ENTERED ON 5/26/2020 |

OPINION AND ORDER

This case is before the court upon the Chapter 13 *Trustee's Legal Memorandum on Validity of Services Contract and Amended Contract under 11 U.S.C. §§526-28* (Docket No. 69); the *Reply to Trustee's Legal Memorandum on Validity of Services Contract and Amended Contract under 11 U.S.C. §§526-528* filed by Almeida & Dávila, PSC (hereinafter "Almeida") (Docket No. 80); and the *Trustee's Sur-Reply to Debtor's Attorney's Reply to Trustee's Memorandum of Law on Validity of Services Contract and Amended Contract Under 11 U.S.C. §§526-28, Doc. #80* (Docket No. 100).

The Chapter 13 trustee (hereinafter referred to as "Trustee") alleges that: (a) the disclosure of compensation of Almeida is ambiguous as to the amount of attorney's fees and does not specify if the fees will be $3,000.00 pursuant to P.R. L.B.R. 2016-1 or the loadstar method; (b) the service contract is void for failure to explain clearly and conspicuously the services the debt relief agency ("DRA") will provide or the fees for the services; (c) the contract refences the $3,000.00 as a "minimum fee" and not a flat fee; (d) the contract does not provides an estimate of the fees failing to comply with §528 nor a cap or limit for the fees of bankruptcy assistance. Furthermore, the Trustee argues that the amended contract executed on May 16, 2015 is void for failure to comply with the requirements of §528 alleging that if the original contract is void, it cannot be amended. Additionally, the Trustee argues that the amended contract states "this agreement replaces the

1

obligations of the parties in accordance to its terms. (Exhibit B-2, p.1)" "The amended contract does not operate as a 'reset button', which erases the violations to the law committed by the attorney, and spares the attorney from the statutory consequences for noncompliance with his duties as debt relief agency". "Under §526(c)(2), as a direct consequence of the original contract being void, the attorney is liable to the debtor in the amount of any fees or charges in connection with providing bankruptcy assistance to the debtor". "The amended contract is an attempt to circumvent the legal consequences of having executed a contract for bankruptcy assistance that is void for failure to comply with the law, specifically 11 U.S.C. §§526-528. Consequently, the amended contract does not have legal effect, the attorney cannot compel payment from the debtor for the bankruptcy assistance provided in the instant case, and the attorney must return to the debtor the fees advanced before the filing of the bankruptcy petition." As to the failure to provide a fee cap, the Trustee states that "[t]his type of limitless billing scheme is proscribed under §528(a) because the assisted person who is a lay person without knowledge or experience in a bankruptcy process- is never informed of the cost of the services, and forced to guess what will be the ultimate cost of the services". Therefore, the Trustee suggests that the estimate of the fees included in the contract should operate as a cap.

In its Reply, Almeida argues that the Trustee did not meet the burden of proof and that he lacks standing to question the validity of the services contract. The DRA states that the contract complies with sections 526-528. "The contract is clear establishing that fees would be charged on an hourly basis, with estimated fees in the amount of $3,000.00". Almeida further states that the Trustee's arguments related to the cap of fees find no legal support in the Bankruptcy Code. Additionally, the DRA argues that "[t]he purpose of the amended contract was not to cure any violation. The only purpose of the amended contract signed on February 4, 2016 was further

2

clarifying that the fees would be charged on an hourly basis." The DRA further states that the Debtor wishes to enforce the contract.

The Trustee filed its Sur-Reply arguing that the "Trustee has established his standing to question the validity of the contract as it has a direct impact on Trustee's ability to perform his statutory duty to investigate debtor's financial affairs and claims against the estate." The Trustee reargues that "[t]he flat fee is not intended to serve as a retainer against which an attorney charges time expended until the retainer is exhausted followed by an application for compensation, for any remaining unpaid services" citing In Re Smith, 331 BR 622, 630 (Bankr. M.D.Pa. 2005). The Trustee alleges that "[n]otwithstanding the reforms of BAPCPA Almeida has systematically operated as if time had stood still in the pre-BAPCPA era when the Bankruptcy Code did not regulate the contracts for bankruptcy assistance executed with an assisted person. The contract used by Almeida do[es] not inform the ultimate cost of the services, and [][is] designed to allow the attorney to charge by the hour without a cap or limit to the cost of legal services."

## Jurisdiction

The Court has jurisdiction pursuant to 28 U.S.C. §1334(b) and 157(a). This is a core proceeding pursuant to 28 U.S.C. §157(b)(1) and (b)(2)(A). Venue is proper under 28 U.S.C. §§1408 and 1409.

## Applicable Law and Analysis

This court extensively discussed the matters related to the services contracts in In Re Rodriguez Pérez, No. 15-06593 (ESL), 2018 Bankr. LEXIS 2245 (Bankr. D.P.R. July 31, 2018). The *Opinion and Order* explained in detail the requirements that a debt relief agency must meet to comply with sections 526-528. The court established that the Trustee had standing to challenge the validity of the service contracts. The Chapter 13 Trustee, Alejandro Oliveras Rivera, filed

3

similar arguments in different cases which led to the disclosure of services contracts and the court's evaluation of their compliance including the present case.

Furthermore, the court recently issued an *Opinion and Order* addressing executory contracts in In Re Rodriguez Negrón, 15-09749 (ESL) and In Re Aida Martinez Medina, 16-00699 (ESL). As stated therein, since these sort of claims commenced, many of the procedural issues and legal concerns have been addressed by the court as follows: PR LBR 3015-3, made effective on June 19, 2018 by General Order 18-01; the local chapter 13 plan form (LBG-G) adopted on November 14, 2017 by General Order 17-08; the chapter 13 confirmation order being currently entered by this bankruptcy judge; and the administrative order (Administrative Order 18-01) entered on December 3, 2018 for cases assigned to this bankruptcy judge. Furthermore, Local Bankruptcy Rule 2016-1(f) has been amended and an adjustment to the no look fee was adopted by the court on June 1, 2019 (See GO 19-01).  Hence, the court is conscious that this decision may be an anachronism due to its lateness and the current practice by the DRA before this court on the subject matter, but the issue must be addressed, albeit late.

Therefore, as the court did in the referenced cases, the legal controversies are delimited to two principal matters: (1) does the contracts explain clearly and conspicuously the services to be provided as required by section 528; and (2) does the service contracts explain clearly and conspicuously the fees for the services?

The purpose of incorporating the provisions in 11 U.S.C. §§526-528 was to require debt relief agencies to disclose specific information about the bankruptcy process to consumer debtors, whose frequent ignorance and confusion could subject them to easy deception. Conn. Bar Ass'n v. United States, 620 F. 3d 81, 95 (2nd Cir. 2010). Sections 526-528 govern the relationship between "debt relief agencies" and "assisted persons", by regulating the manner in which

bankruptcy attorneys provide services to their clients. Hersh v. United States, 553 F.3d 743, 747 (5th Cir. 2008).

A debt relief agency must execute a written contract with the assisted person, not later than five (5) business days after the date on which it first provided bankruptcy assistance to the assisted person, that clearly and conspicuously explains the services that the debt relief agency will provide to the assisted person, the fees or charges for such services, and the terms of payment. 11 U.S.C. §528(a). A fully executed and completed contract must be signed by all the parties. In Re Seare, 493 B.R. 158 (Bank. D. Nevada 2013) aff'd, 515 B.R. 599 (B.A.P. 9th Cir. 2014). The debt relief agency must provide the assisted person with a copy of the fully executed and completed contract. 11 U.S.C. §528(a)(2).

As stated by this court in In Re Pereira Santiago, 457 B.R. 172 (Bankr. D.P.R. 2011) section 528 of the Bankruptcy Code imposes several duties on debt relief agencies with respect to retainer agreements. Section 528(a) provides that a debt relief agency shall provide an assisted person a written contract within five days after the first date any bankruptcy assistance services are provided and prior to the filing of the petition. The written contract must explain clearly and conspicuously the services to be provided and the fees or charges for such services. Allan N. Resnick & Henry J. Sommer, 4 Collier on Bankruptcy, ¶ 528.01 (16th ed. 2010). Since the contract must describe the services to be provided and fees to be charged, and must be provided prior to the filing of the petition, it follows that the contracting parties (attorney and prospective debtor) must meet and agree to the terms of the contract prior to the filing of the petition.

The provisions in §528 concerning retainer agreements are statutory. As such, they are mandatory, albeit complimentary to any contractual or ethical obligation. The attorney-client relationship is consensual as it arises by reason of an agreement between the parties and is governed by the law of contracts. However, the relationship between an attorney and a client is

5

fiduciary in nature and based on trust, confidence and good faith. 23 Williston on Contracts § 62:1 (4th ed.). The attorney and client relationship in Puerto Rico is *sui generis* in nature and is inextricably related to the canons of professional ethics. Dominguez Wolff v. Badillo Rivera, 2006 PR App. LEXIS 1581, 2006 WL 2385434, (P.R. Ct. App. June 28, 2006). The court notes that retainer agreements in bankruptcy must comply with section 528, are held to a higher standard than conventional contracts, and are subject to applicable codes of professional responsibility.

The contract for bankruptcy assistance executed between the Debtor and Almeida prior to the filing of the bankruptcy petition does not comply with the material requirements of §528(a). As a matter of fact, the present contract is essentially the same contract determined void in In Re Rodriguez Pérez, No. 15-06593 (ESL), 2018 Bankr. LEXIS 2245 (Bankr. D.P.R. July 31, 2018). As discussed in In Re Rodriguez Pérez, the contract has two mayor faults. First, the contract does not clearly and conspicuously explain the services to be provided. The contract contains several instructions as to what is required from the debtor and several other provisions related to attorney's compensation. However, the contract makes no reference to the specific services that will be performed by the debt relief agency, as required by 528(a)(1)(A). The contract rigorously lists the expected behavior of the assisted person. However, the DRA offers no clarification and/or explanation as to the professional services to be provided or the necessary services required to attain the assisted person's goals.

Secondly, Almeida fails to comply with 528(a)(1)(B), by not clearly and conspicuously explaining "the fees or charges for such services". The logical outcome of not clearly and conspicuously explaining the services to be provided is the debt relief agency's inability to clearly and conspicuously explain how much such services may cost. Almeida argues that the original contract established that the fees would be charged on an hourly basis, and that the $3,000.00 referenced in the contract was an estimate, the text of the contract does not describe the $3,000.00

as an estimate but as a base or minimum fee "pre-approved by the bankruptcy court".[1] This language, on its own, fails the clear and conspicuous requirements of section 528(a)(1)(B). "The flat fee is not intended to serve as a retainer against which an attorney charges time expended until the retainer is exhausted, followed by an application for compensation for any remaining unpaid services." In Re Smith, 331 B.R. at 630. However, the present contract is drafted to allow the DRA to use the $3,000.00 flat fee authorized in this jurisdiction under P.R. LBR 2016-1(f)[2] as a minimum fee or retainer against which the attorney could charge against until the $3,000 are exhausted.

For these two principal reasons, the court determines that Almeida services contract is void as it fails to comply with section 528. The Trustee made additional arguments in regards the "temporal requirement" of section 528(a)(1). However, the record is void of a specific date when the bankruptcy assistance commenced and, therefore, the court is unable to make a determination to this extent.[3]

The consequence of a contract executed between an assisted person and a debt relief agency that does not comply with the material requirements of §528(a) is its nullity and unenforceability. 11 U.S.C. 526(c)(1). The court finds that the failures in the Almeida contract are material, and, consequently the court deems the contract signed on May 15, 2015, between Ms. Erika Baez Carrasquillo and Almeida void. The Court is unable to enforce it, pursuant to 526(c)(1).

---

[1] In In Re Santiago Pérez the court determined that by representing to the assisted person that the $3,000.00 are the minimum fees for a Chapter 13 case and that they are pre-approved by the Court, Almeida violated Section 526(a)(2), which proscribes a debt relief agency from making untrue or misleading statements.

[2] Local Bankruptcy Rule 2016-1(f) has been amended and an adjustment to the no look fee was adopted by the court on June 1, 2019 (See GO 19-01).

[3] Not every encounter with an attorney will amount to bankruptcy assistance, and an assisted person has the right to select the attorney that better caters his or her needs. See In re Humphries, 453 B.R. 261, 267 (E.D. Mich. 2011).

### The Amended Contract and the Debtor's Intent to Enforce the Contract

As discusses in In Re Santiago Pérez the court cannot disregard the legal requirements of §§526-528, by allowing the DRA to correct the material faults of the original contract with an amended contract post-petition. A service contract deemed void due to the debt relief agency's failure to comply with the material requirements of §§526-528 cannot be remedied by an "amended contract" after the filing of the petition.

The DRA argues that the Debtor has the right under 11 U.S.C. §526(c)(1) to enforce the contract as amended, including its terms of payment, even if the contract is void. This argument misconstrues the scope of §526(c)(1) and ignores the protections afforded to assisted persons in §526(b). Section 526(b) provides as follows: "Any waiver by an assisted person of any protection or right provided under this section shall not be enforceable against the debtor by any Federal or State court or any other person, but may be enforced against a debt relief agency." By arguing that the Debtor wishes to enforce the contract as amended, including its terms of payment, Almeida is advocating for a waiver to the Debtor's right of not being obligated by a court to pay for the services of the debt relief agency if the contract is void. This type of waiver is unenforceable under §526(b). Moreover, §526(c)(1) has been interpreted "as preventing an attorney who fails to comply with the requirements of 11 U.S.C. §§ 526, 527, or 528 from obtaining a court order compelling the debtor to pay additional attorneys' fees otherwise be due and owing." In re Gutierrez, 356 B.R. 496, 505 (Bankr. N.D. Cal. 2006). Accordingly, the Debtor's statement to enforce the contract does not liberate the debt relief agency of the legal consequences of rendering the contract void.

### Conclusion

In view of the foregoing, the Court finds that both the original contract and amended contract for bankruptcy assistance executed between the Debtor and the law firm Almeida & Davila, PSC are void for failure to comply with the material requirements of 11 U.S.C. §§526-

528. The Court concludes that the law firm has forfeited the right to charge for the services provided in this case, and orders Almeida & Davila, PSC to return to the Debtor all the fees paid prior to the filing of the bankruptcy petition.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 26th day of May, 2020.

Enrique S. Lamoutte
United States Bankruptcy Judge

9